JOHNSTON, STATE REVENUE AGENT, *v.* BOARD OF SUPER-
VISORS OF YAZOO COUNTY.

[76 South. 543, Division B.]

1. TAXATION. *Assessments. State revenue agent. Commissions.*
   Under Code 1906, section 4740, providing that after the fiscal year
   in which taxes become due, should the state revenue agent dis-
   cover that any person, corporation, etc., has escaped taxation by
   not being assessed, he shall give notice to the tax collector who
   shall make the assessment and have the property back as-
   sessed, where the state revenue agent caused property to be
   placed on the assessment rolls of a county for the year 1913, this
   did not entitle him to commissions on the assessment for the
   year 1914, on the theory that he had discovered the omission of
   such property, where the sheriff himself placed such property
   on the assessment roll for the year 1914, even though the as-
   sessments were biennial, since the sheriff at any time during the
   fiscal year 1914 had full authority to back assess all property
   without reference to the revenue agent.

2. SAME.
   The revenue agent does not come within the provision of the stat-
   ute as to assessments for future years.

APPEAL from the circuit court of Yazoo county.
HON. W. H. POTTER, Judge.

Suit by J. C. Johnston, state revenue agent against the
Board of Supervisors of Yazoo County. From a judgment
for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. L. Ware* and *Jas. R. McDowell,* for appellant.

The theory of the revenue agent is that since timber
is part of the land, and since land is assessed once every
two years, and that since the land roll for 1913 carries
with it the obligation to pay taxes for 1913 and 1914,
then the revenue agent is entitled to his commissions on
all taxes collected on this property for 1914, as well as

1913, since he caused it to be assessed and caused it to
be placed upon the land roll of 1913, and since there is
no land roll for 1914, that the assessment for 1913 stands
until a new roll is made in 1915 (sec. 4301, Code 1906),
unless for reasons shown to the board of supervisors it is
stricken from this roll.

The fact that the tax collector by direction of the board
recopied this list into the roll for 1914 (which must have
been the personal roll. as there is no land roll for that
year), may be treated as mere surplusage. It accomp-
lished nothing. It was not an assessment. No notice was
given to the parties to appear and not object or be heard.
It was simply the clercial act on the part of the sheriff.
He merely copied the revenue agent's work from the
land roll for 1913, where it belonged into the personal
roll for 1914 where it did not belong, and collected taxes
for each year.

It is the appellant's contention that it was the duty
of the sheriff not only to collect for the year 1913. but to
demand taxes for 1914 on this same property for the rea-
son that the taxes for 1914 were then due and payable
though not delinquent, and that since the revenue agent
was responsible for the collection of the taxes for both
years because of his efforts in discovering it, causng it to
be assessed and placed on the roll, he is entitled to his
commissions for both years. Therefore, the question for
decision is narrowed to one point. namely: Is the revenue
agent entitled to commissions only where the collection
of the taxes is made after the expiration of the fiscal
year, which is one year after said taxes became first due,
or where he discovers property and has it listed on the
land roll after taxes for one year are delinquent and for
the next year are made due and payable, and the tax col-
lector proceeds to collect both years' taxes, is he entitled
to his commissions on both years' collections?

By reference to section 4280 it will be seen that lands
are assessed biennially. Timber is real estate. *Fox* v.

*Lumber Co.,* 80 Miss. 1. Also *Darnell* v. *Johnson,* 68 So. 780.

The compensation of the revenue agent is fixed by statute. Section 4748 provides that: ''He shall be entitled to retain, as full compensation for his services and expenses, twenty per centum on all amounts collected and paid over by him.''

This has been held to mean where such amounts are collected by the proper officials, due to the efforts of the revenue agent, as in the case here, all the revenue agent could do was to cause the property to be assessed and the board to approve the assessment, and it then became the tax collector's duty to collect the taxes, and under our contention, it was the duty to collect for both years at once, unless cause was shown why the taxes for the second year should not be collected because of removal of the property or some other good cause.

What was the intention of the legislature as regards compensation of the revenue agent? It is clear that they intended that he should make all investigations and perform all of his work at his own expense; that he should pay his own attorneys, if necessary, and that where he failed to recover, he should stand the expenses and loss, but that where the state profited by his work and through his efforts or through his investigation, money was turned into the treasury, he should receive twenty percent of the amount so recovered; and this is true whether suit became necessary or not, and it is also true whether the money be paid to him or some other officer. All that seems to be neccessary is that it shall be collected through his efforts or because of his work or as the result of his investigations.

See especially on this point the case of *Revenue Agent* v. *Bolivar County,* 75 Miss. 154; *Revenue Agent* v. *Evans,* 74 Miss. 886.

In the instant case he discovered the property; he performed the clerical services; he incurred the expense; he did the work and caused the assessment to be made, sent

out the notices, appeared before the board and adjusted the claim, and the board approved the assessment. Under the statute he could only give notice of back assessments for 1913, but since the tax for 1914 was already due, though not delinquent, it became at once the duty of the sheriff to demand the payment of taxes for 1914 as well as 1913 because this property was then on the rolls for 1913, and being a land roll carried with it the obligation for 1914 unless some cause to the contrary is shown; so the tax collection of the tax for 1913; that was all that was necessary. He did not have to recopy the roll, and the board had no authority to order him to do so. Neither the board nor the sheriff could back-assess him at that time because he was already assessed with this property as real estate on the land roll for 1913, and this assessment stood for both years. So, since it was the duty of the sheriff immediately to proceed to the collection of both taxes under this one assessment made by direction of the revenue agent, and as a result of his investigation and labor, and since the state benefitted by his labor and for no other reason whatever, we insist that he was entitled to the compensation for both years. Of course, his compensation would be limited to these two years because in 1915 a new roll would be made and the property would be reassessed by the tax assessor, so that the revenue agent could receive no benefit in the future. Here the revenue agent did all the work for two years, the state got the taxes for two without delay, the tax collector had no option but to collect the tax. He could not wait until October, 1915, so that the revenue agent could then act and back assess this same property for 1914. The tax was due and payable, and it was his duty to collect it at once, which he did, but this collection having been made as the direct result of the labor of the revenue agent and because of the assessment whch he caused to be made, he should receive his compensation, and we thinks the court below erred in holding to the contrary.

This is the sole question for decision, and I respectfully submit the matter for the judgment of the court.

*R. R. Norquist,* for appellee.

Section 4740 of the Code confers upon the state revenue agent the only authority and power possessed by him in regard to the making of additional assessments. He must comply with the provisions of that section. Section 4740 begins: "After the expiration of the fiscal year in which taxes became due should the revenue agent discovery that any person  .  . .has escaped taxation by reason of not being assessed, it shall be his duty to give notice to the tax collector, etc." In the case before the court, the fiscal year in which the taxes became due had not expired, such taxes were never delinquent, but were paid when due. The revenue agent not having performed the duties imposed upon him by the above section (for the reason that there was no occasion for their performance) is certainly not entitled to the commissions claimed. He received his commissions for the assessments he made for the year 1913.

The fact that a new land assessment was not made until 1915 is immaterial. The collector is required by section 4320 of the Code to "assess and collect taxes on land liable to taxation since the last assessment." The collector complied with this section, and made the assessment in the case at bar.

It is respectfully urged that the revenue agent is manifestly not entitled to the commissions claimed in this action, and that the judgment of the court below should be affirmed.

ETURIDGE, J., delivered the opinion of the court.

J. C. Johnston, the state revenue agent, filed suit against the board of supervisors of Yazoo county in the circuit court alleging that, in pursuance of the law in re-

gards to the assessment of property that has escaped taxation, the state revenue agent caused to be placed on the assessment roll for the year 1913 asesssments to the amount of sixty-two thousand, five hundred and four dollars, for which taxes were duly collected by the sheriff, and proper settlement made for that year with the revenue agent, that the rolls are made up biennially, and that such assessment stands for the year subsequent thereto. and that in making the said assessment in persuance of the notice the assessment was also made for 1914 under said biennial plan of assessment. He alleges that without authority of law the board of supervisors caused the assessment to be copied on the roll for 1914, and that the board owes the revenue agent a commission when the tax is collected for the year 1914, amounting to two hundred and nine dollars and nineteen cents, and pravs for judgment for said amount. This declaration was demurred to, and the demurrer sustained by the court. The revenue agent declined to plead further, and judgmnt final was entered.

Inasmuch as the period for collecting taxes for the year 1914 had not expired, and the sheriff having full authority to back-assess all property without reference to the revenue agent, we are of the opinion that the revenue agent was not entitled to a commission on the collections for 1914. The statute (section 4740, Code 1906) provides that, after the expiration of the fiscal year in which taxes became due, should the revenue agent discover that any person, corporation, property, business, occupation, or calling has escaped taxation by reason of not being assessed, it shall be his duty to give notice to the tax collector in writing, and then provides that the tax collector shall make the assessment, give notice, etc., to have the property back-assessed. We do not think the revenue agent comes within the provision of the statute as to assessments for future years, and the judgment of the court below is affirmed.

*Affirmed.*